**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| DAMIEN TRAVIS BODDY, | * | |
| Petitioner, | * | |
| v. | | Case Nos.: 14-CR-0528, |
| | * | 17-CV-2751 |
| UNITED STATES OF AMERICA, | | |
| | * | |
| Respondent. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On September 14, 2017, Petitioner Damien Travis Boddy filed a Motion to Vacate, Set Aside, or Correct his Sentence, arguing that he is entitled to relief under 28 U.S.C. § 2255 because he alleges his initial lawyers—who he fired before entering into a guilty plea—provided ineffective assistance of counsel. ECF No. 114. The Government responded. ECF No. 118. Petitioner did not reply. No hearing is necessary. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion is denied.

**I.      BACKGROUND**

On June 28, 2016, Mr. Boddy pled guilty to Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d) and Transportation of Explosive Materials with the Intent to Injure, Kill, or Intimidate in violation of 18 U.S.C. § 844(d). ECF Nos. 73, 74. The plea agreement stipulated that Mr. Boddy would be sentenced to not less than 120 months (10 years) and not more than 240 months (20 years) imprisonment. *Id.* at 5. The agreement superseded "any prior understandings, promises, or conditions between" the parties." *Id.* ¶ 17.

At the hearing where Mr. Boddy accepted the plea agreement, the Court confirmed with his counsel, Theresa Whalen, that "all formal plea offers made by the government had been conveyed" to him. ECF No. 104 at 23:5–7. The Court also confirmed with Mr. Boddy that he understood he was waiving his right to appeal his conviction or have a trial or further proceeding concerning his guilt. *Id.* at 11:8–17. Additionally, the Court confirmed that Ms. Whalen had discussed the agreement with him, answered his questions, and that Mr. Boddy was "satisfied with the job Ms. Whalen" had done on his behalf. *Id.* at 23:8–24:3. At that hearing, the Court inquired whether Mr. Boddy had been treated recently for mental illness of any kind, and Mr. Boddy responded "mental, mental illness, mental illness. A lawyer that I had previous, CitaraManis, they gave me – had me take – I was taking Risperdal and Benadryl." *Id.* at 7:17–22. Mr. Boddy confirmed that his medication, which he had not taken on the day of the hearing because he typically took it at night, did not affect his ability to enter his guilty plea knowingly and voluntarily and that he was not having any difficulty understanding the proceedings. *Id*. at 8:1–16.

Based on Mr. Boddy's guilty plea, the Court sentenced him on October 6, 2016 to 144 months (12 years) of imprisonment, consisting of 24 months imprisonment as to Count One, followed by 120 months as to Count Five. ECF No. 94. At neither the hearing where Mr. Boddy pled guilty nor the sentencing hearing did Petitioner make any argument concerning purported ineffective assistance of counsel.

Mr. Boddy appealed his conviction to the Fourth Circuit, but did not raise an ineffective assistance of counsel issue as to either his initial attorney or Ms. Whalen. ECF 116; Appellant's Brief, *United States v. Damien Boddy*, No.16-4649 (4th Cir. Dec. 20, 2016). The Fourth Circuit affirmed Petitioner's conviction and sentence, and Mr. Boddy's conviction became final. ECF

109; *See also* Fed. R. App. 41(a); Sup. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 532 (2003).

Mr. Boddy then filed this Motion to Vacate, Set Aside, or Correct his Sentence. The Motion describes how his initial lawyers—the Assistant Federal Public Defenders he worked with before retaining Ms. Whalen—encouraged Mr. Boddy to take his Risperdal, an anti-psychotic medication. ECF No. 114 at 4. Mr. Boddy claims that his Assistant Federal Public Defenders Michael CitaraManis and Amy Fitzgibbons (the initial lawyers) believed it more likely that the Government would offer him a plea agreement with an 8-10 year sentence if Mr. Boddy took his medication. *Id.* Mr. Boddy took his medication in reliance on this expected offer but never received the offer. *Id.* Mr. Boddy then fired his initial lawyers and began working with Ms. Whalen who relayed to Mr. Boddy that the Government never offered an 8-10 year plea. *Id.* Mr. Boddy claims that he spoke to Ms. Fitzgibbons on April 12, 2016 and confirmed that the Government had never formally made an 8-10 year plea offer because "the prosecutor changed their mind." *Id.*

Finally, evidently believing it relevant to his ultimate sentence, Mr. Boddy also claims that he offered to give his lawyers emails "that personally contained information regarding [the victim of the Petitioner's crimes] saying that she was a Secret Service officer and that she did have an affair with my friend[,] Tyree Bond." *Id.*

## II. STANDARD OF REVIEW

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

3

collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

### III. DISCUSSION

The Supreme Court has long made it clear that "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *see also Fields v. Attorney Gen.*, 956 F.2d 1290, 1295 (4th Cir. 1992) ("Once judgment on a plea is final, collateral inquiry is limited to whether the plea itself was counseled and voluntary."). There is no suggestion here that Petitioner involuntarily agreed to the terms of his plea bargain. Nor is there any evidence that Petitioner did not understand the charges to which he pleaded guilty. Therefore, the Court will consider only whether Petitioner was advised by competent counsel. To challenge a guilty plea as the result of incompetent counsel, Petitioner must "demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollet v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

Even accepting the claims in Mr. Boddy's Motion as true, Petitioner makes no such showing. Mr. Boddy alleges that his initial attorneys expected he would be offered a plea agreement with an 8-10 year sentence if he took his antipsychotic medication. In reliance on this expectation, Mr. Boddy took his medication, but claims "the plea was never given." ECF No. 114 at 4. Mr. Boddy fired his initial attorneys and hired Ms. Whalen who told him that the Government never made a formal plea offer that included an 8–10 year sentence. *Id.* Similarly, Mr. Boddy confirmed with Ms. Fitzgibbons that the Government had never formally offered him

an 8-10 year plea. *Id.* On these facts, Petitioner's attorneys made no error in counseling let alone an error that was not within the range of competence demanded of criminal attorneys and the Court may not revisit the plea agreement. Mr. Boddy has not alleged that his attorneys failed to convey a formal plea offer to him. To the contrary, consistent with Ms. Whalen's confirmation to the Court that "all formal plea offers made by the government had been conveyed," Mr. Boddy claims that the Government never formally offered him the 8-10 year plea he had initially expected. Instead, Mr. Boddy was offered a plea agreement with a 10-20 year sentence. ECF No. 74 at 5. Ms. Whalen helped Mr. Boddy negotiate this agreement and when Mr. Boddy voluntarily and knowingly accepted it, ECF No. 104 at 22–24, the agreement superseded "any prior understandings, promises, or conditions between" the parties, ECF No. 74 at ¶ 17. Thus, even to the extent that the Government had previously floated an 8-10 year plea, that prior understanding was superseded by the final agreement that Petitioner signed while satisfied with Ms. Whalen's counsel. ECF No. 104 at 24:1–3 ("The Court: Are you satisfied with the job that Ms. Whalen has done on your behalf? The Defendant: Yes").

Mr. Boddy also claims that his lawyers were ineffective because they failed to pass along information that he evidently believed would be helpful to him at sentencing. Specifically, Mr. Boddy alleges, "I offered to give them emails that personally contained information regarding [the victim of the Petitioner's crimes] saying that she was a Secret Service officer and that she did have an affair with my friend[,] Tyree Bond." *Id.* However, a competent criminal defense lawyer would not pass along this information to the Government because she would know that such information would certainly not be helpful to her client.

In sum, the § 2255 petition and the record conclusively show that Mr. Boddy is not entitled to relief because his attorneys were not ineffective and the Court will not revisit his plea agreement.

IV.     **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, no certificate appealability will issue.

V.      **CONCLUSION**

For the foregoing reasons Petitioners Motion to Vacate, Set Aside, or Correct a Sentence, ECF No. 114 is denied and a certificate of appealability will not issue. A separate Order shall issue.

Dated: <u>November   21, 2018</u>                                        <u>          /s/                              </u>
                                                                         GEORGE J. HAZEL
                                                                         United States District Judge